UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MADSEN,<br><br>        Plaintiff,<br><br>v.<br><br>DR. TOOR,<br><br>        Defendant. | **Case No.: 1:19-cv-0022 AWI JLT (PC)**<br><br>**ORDER FINDING NO COGNIZABLE CLAIMS AND REQUIRING PLAINTIFF TO RESPOND**<br><br>**(Doc. 1)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff has filed a complaint asserting claims against an employee of the California Department of Corrections and Rehabilitation. (Doc. 1.) Generally, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

////

////

1

## I. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

At all relevant times, plaintiff was a state inmate housed at Valley State Prison in Chowchilla, California. He identifies Dr. Toor, his primary care provider, as the sole defendant. Plaintiff seeks damages and declaratory and injunctive relief.

Plaintiff's allegations can be fairly summarized as follows:

Plaintiff suffers from lower back pain caused by stenosis and a bulging disc in his lumbar spine and degenerative hypertrophy causing a loss of feeling and pain radiating down his legs. This condition leaves plaintiff with limited mobility and great pain.

In Claim 1, plaintiff claims that he submitted several health care requests between September and November 2018, to have his medical condition addressed. The medical notes of his visits following these requests were inconsistent with the actual visits.

In Claim 2, plaintiff accuses Dr. Toor of refusing to properly treat plaintiff with medication despite review of an MRI. Dr. Toor also "negated pain management assessment review" that had previously been initiated. In addition, Dr. Toor did not consult with a specialist, perform a physical examination, or follow prison medical procedures.

In Claim 3, plaintiff alleges that he is disabled pursuant to the Americans with Disabilities Act. Despite his limited mobility and inability to lift heavy objects or stand for long periods of time, he was assigned to work as a yard barber, which has exacerbated plaintiff's condition.

Attached to the complaint is a health care grievance that supplies the following additional facts regarding plaintiff's medical care. See Compl. Attach (Doc. 1 at 7-13).

On July 5, 2018, plaintiff was seen by a registered nurse to address plaintiff's complaints of pain and discomfort in his lower back and left leg.

On July 24, 2018, plaintiff was seen by his primary care provider for a Chronic Care Program and intra-facility transfer appointment. Following this appointment, plaintiff was directed to continue his treatment plan.

As of September 11, 2018, plaintiff had a then-current prescription for oxcarbazepine twice a day and Ibuprofen 600 mg as needed. Plaintiff was also ordered a permanent back brace and was referred to physical therapy.

Plaintiff was again seen by his primary care provider on December 5, 2018. He and the doctor discussed Plaintiff's history of chronic low back pain and the doctor examined Plaintiff and noted that there was no significant spinal stenosis or obvious neurological deficits. The doctor

advised Plaintiff to continue his current medications, exercise regimen, and to increase his endurance.

As of December 14, 2018, plaintiff had a prescription for Ibuprofen for chronic back pain.

### III. Discussion

#### A. Linkage

Under § 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77 Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

Plaintiff's first claim does not identify Dr. Toor as the individual who responded to plaintiff's health care requests. Similarly, plaintiff's third claim regarding work assignments does not appear to implicate Dr. Toor. Without any allegations of Dr. Toor's personal participation in these instances and without any allegations that Dr. Toor somehow directed the conduct of other individuals or failed to act upon knowing of any alleged violations, Plaintiff has not stated a claim against Dr. Toor as to these two claims.

#### B. Eighth Amendment Medical Indifference

When a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

A serious medical need exists if the failure to treat the condition could result in further

significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that

inmate's Eighth Amendment rights. <u>Ortiz v. City of Imperial</u>, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. <u>Id.</u>

Plaintiff has adequately alleged a serious medical condition. His factual allegations, however, do not suggest deliberate indifference by Dr. Toor. Rather, these allegations and the attachments to the complaint suggest only that plaintiff disagrees with the treatment Dr. Toor has provided. This disagreement is insufficient to impose liability. Accordingly, this claim must be dismissed.

### C. Violation of Prison Regulations

Plaintiff makes a passing reference to Dr. Toor's failure to comply with prison regulations. Generally, the violation of state regulations does not rise to the level of a constitutional violation. <u>See</u> <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270 (9th Cir. 1989), overruled on other grounds, <u>Nettles v. Grounds</u>, 830 F.3d 922 (9th Cir. 2016); <u>Ybarra v. Bastian</u>, 647 F.2d 891, 892 (9th Cir. 1981). Therefore, a state employee's failure to follow state law does not state a claim under Section 1983.

## IV. Conclusion

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant plaintiff an opportunity to file an amended complaint. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. <u>See</u> <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. <u>Iqbal</u>, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at

555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete reference to any prior pleading. Generally, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted). Accordingly, the Court ORDERS that:

1. Within 30 days, plaintiff must file a first amended complaint curing the deficiencies identified in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint;
2. If plaintiff fails to comply, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: **May 2, 2019**              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE