UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MADSEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DR. KIRAN TOOR,<br><br>　　　　Defendant. | **1:19-cv-0022 AWI JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(Doc. 17)**<br><br>**FOURTEEN-DAY DEADLINE** |

Defendant Dr. Kiran Toor moves to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dr. Toor also moves for dismissal on the ground that documents attached to the first amended complaint show that plaintiff failed to exhaust his administrative remedies prior to filing suit. (Doc. 17.) Plaintiff opposes the motion. (Doc. 22.) Upon consideration of the parties' briefs, the Court finds that dismissal is appropriate due to plaintiff's failure to exhaust administrative remedies.

**I.       Plaintiff's Allegations**

In the first amended complaint, plaintiff alleges that he suffers from stenosis and disc degeneration, resulting in severe pain and mobility issues. Plaintiff's pain and ailments have not been relieved by psych meds, physical therapy, or a back brace. Each of these factors are documented in plaintiff's medical file.

In May 2018, plaintiff arrived at Valley State Prison in Chowchilla, California. Between

1  July 30, 2018 and December 25, 2019, Dr. Toor was plaintiff's primary care physician. In that
2  role, he reviewed plaintiff's medical records, but, despite the plethora of information about the
3  severity of plaintiff's medical condition and plaintiff's own complaints of severe pain for over a
4  year, Dr. Toor did not perform any physical examinations, and he repeatedly refused to prescribe
5  other pain medication. Dr. Toor also failed to follow a previous doctor's order to submit
6  paperwork to the pain assessment committee for review of plaintiff's pain medication. This
7  conduct has exacerbated plaintiff's condition and caused him to suffer pain.

8  **III.   Discussion**

9  Under the Prisoner Litigation Reform Act, a prisoner must exhaust "available"
10 administrative remedies before filing an action in federal court. See 42 U.S.C. § 1997e(a); Vaden
11 v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th
12 Cir. 2005). The prisoner must complete the administrative review process in accordance with the
13 applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006). Exhaustion is required for all
14 suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief
15 offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

16 The "failure to exhaust is an affirmative defense under the PLRA, ... inmates are not
17 required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549
18 U.S. 199, 216 (2007). In a limited number of cases, the failure to exhaust may be clear from the
19 face of the complaint; however, "such cases will be rare because a plaintiff is not required to say
20 anything about exhaustion in his complaint." Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir.
21 2014); see Jones v. Bock, 549 U.S. 199, 216 (2007) (failure to exhaust is an affirmative defense
22 and a prisoner is not required to plead or demonstrate exhaustion in the complaint). In the rare
23 case where failure to exhaust is clear from the face of the complaint, the defendant may move to
24 dismiss under Rule 12(b)(6). Albino, 747 F.3d at 1169.

25 To properly be considered on a Rule 12(b)(6) motion, the nonexhaustion defense must
26 raise no disputed issues of fact. See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984)
27 (affirmative defense may be raised by motion to dismiss only if "the defense raises no disputed
28 issues of fact"). Typically, to show that a prisoner has failed to exhaust remedies, a defendant will

have to present probative evidence on a motion for summary judgment under Rule 56. Albino, 747 F.3d at 1169.

Under California's prison appeal procedures, a prisoner is required to "state all facts known and available to him/her regarding the issue being appealed at the time of submitting." Cal. Code Regs., tit. 15 § 3084.2(a)(4). As the Ninth Circuit has explained:

> Under the PLRA, a grievance "suffices if it alerts the prison to the nature of the wrong for which redress is sought." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (quoting Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009)). The grievance "need not include legal terminology or legal theories," because "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin, 557 F.3d at 1120. The grievance process is only required to "alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Jones v. Bock, 549 U.S. 199, 219 (2007) (citations omitted).

Reyes v. Smith, 810 F.3d 654, 659 (9th Cir. 2016).

In the form amended pleading, plaintiff notes that administrative remedies were available at his institution, that he submitted a request for administrative relief on his claims, and that he appealed his request for relief to the highest level. First Am. Compl. (ECF No. 12 at 3, 6). Attached to the pleading is the referenced administrative grievance, which he submitted on July 8, 2018, complaining as follows:

> I turned in a medical request to see my [primary care physician]. As my medical condition of chronic back pain – loss of feeling in left leg has gotten much worse to the point wher[e] it has become unb[e]arable and constant – recent MRI on file which the screening nurse was viewing when she told me she wouldn't do nothing except prescribe Motrin and if I didn't like that go "man down." The court has already ruled – the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Also this falls directly under medical indifference, having denied me recommended treatment and access to personnel capable of evaluating and treating of my medical condition. A medical need is serious if it "has been diagnosed by a physician mandating treatment." A medical condition need not be a[n] emergency to be consider[e]d serious. Both burdens met – a serious medical need exists and the interviewing nurse knew a serious medical need existed and refused to remedy it.

First Am. Compl. Attach. (ECF No. 12 at 13-14). The grievance was denied at the Institutional Level on September 11, 2018 and then denied at the Headquarters' Level on December 17, 2018.

3

Id. (ECF No. 12 at 15-18).

Dr. Toor argues that this grievance demonstrates that plaintiff did not exhaust his administrative remedies because, while it mentioned pain medication and ineffective treatment, it did not "describe how Dr. Toor specifically caused [plaintiff] harm." Def.'s Mot. Dism. 5. Generally, however, the PLRA does not impose a "name each defendant" requirement as part of exhaustion. Jones, 549 U.S. at 219 ("Exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances."). "[T]he primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Id. at 219; Griffin, 557 F.3d at 1120.

Plaintiff's grievance ostensibly gave the prison notice of a problem with the medical care he was receiving for his "chronic," "constant," and "unb[e]arable" back pain. See Griffin, 557 F.3d at 1121 (grievances need only "provide enough information ... to allow prison officials to take appropriate responsive measures"). Even so, it is undisputed that the grievance was filed on July 8, 2018, nearly three weeks *before* Dr. Toor began to treat plaintiff.

In his opposition, plaintiff acknowledges that the grievance predates Dr. Toor's role in his medical care, but plaintiff contends that the grievance "stemmed from [plaintiff's] lack of proper medical care here at Valley State Prison and particularly Dr. Kiran Toor as he was my primary care physician while I filed my complaint and committed the level of care which most clearly shows medical indifference in violation of Eighth Amendment." Pl.'s Opp'n 4. Be that as it may, plaintiff's medical indifference claim is not premised on general inadequacies with the provision of medical care at Valley State Prison. Rather, he accuses Dr. Toor specifically of failing to provide adequate medical care and claims that Dr. Toor's work history shows "a pattern of deliberate indifference to inmates." First Am. Compl. 5. This pattern was so shocking that even a Nurse's Assistant working with Dr. Toor "expressed disbelief not only in [plaintiff's] treatment but others as well." Id. Plaintiff therefore directly linked his injury and prolonged pain to Dr. Toor's specific actions, not to general issues at Valley State Prison. Accordingly, any grievance that was submitted before Dr. Toor took part in plaintiff's medical care cannot be deemed to have exhausted plaintiff's claim as to this defendant.

For these reasons, it is clear on the face of the complaint that administrative remedies were available to plaintiff and were not exhausted prior to the filing of this lawsuit. Accordingly, the complaint must be dismissed without prejudice. Plaintiff can bring his claims in a new action once he has exhausted his administrative remedies.

**IV.    Conclusion**

Based on the foregoing, the Court **RECOMMENDS** that Dr. Toor's motion to dismiss (Doc. 17) be **GRANTED** for plaintiff's failure to exhaust administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 10, 2020**                             /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE